## COUNTY OF KENNEBEC.

### (*) SNOW *versus* CUNNINGHAM.

From an attachment of a vessel on the stocks and of "the spars belonging to the same," it will not be considered that the spars were a part of the vessel.

Articles attached on writ, which are liable to perish or waste or be greatly reduced in value by keeping, or which cannot be kept without great expense, may be restored to the debtor, upon his giving bond to account for the value, ascertained by an appraisal.

When such articles are attached on a writ, and are subsequently attached, *together with additional articles,* by the same officer, upon a writ in favor of another creditor, such additional articles, before they can be restored to the debtor, must be appraised and bonded separately from those attached on the first writ.

If the officer restore such additional articles to the debtor on bond, without having caused them to be thus separately appraised and bonded, it is an official misfeasance, making him liable to account to the last attaching creditor for their value, if needed for the payment of his execution.

On Facts agreed.

Case against the sheriff for the default of his deputy, Barker, in neglecting to levy the plaintiff's execution upon the property of one Laiton, which had been attached by Barker upon the writ.

Barker had attached a vessel upon the stocks, by virtue of a writ in favor of one Huston against Laiton. He subsequently attached the same vessel on nine other writs.

Upon the eleventh writ placed in his hands he attached the vessel, subject to the former attachments, and also attached "a lot of rigging on board the vessel and the spars belonging to said vessel, this being the first attachment made upon the rigging and spars." He then, upon three other writs, attached the vessel, rigging and spars.

He then attached, upon the *plaintiff's* writ, the vessel, subject to fourteen prior attachments, and also "a lot of rigging on board said vessel and the spars belonging to the same vessel, subject to four prior attachments of said rigging and spars."

The plaintiff recovered judgment and seasonably delivered his execution to Barker to be levied on the property attached.

Upon that execution, Barker made return as follows: —

"Lincoln ss. Nov. 9th, 1849. By virtue of the within execution I have this day demanded of Charles C. Laiton, Moses Call, Nathaniel Bryant and Henry C. Lowell the payment of the within execution, as said Call, Bryant and Lowell are bondsmen for said C. C. Laiton for the property attached on the original writ on which the within execution was issued. I therefore return the within execution in no part satisfied.        "E. W. Barker, *Deputy Sheriff.*"

This suit is brought against the sheriff for the neglect of the deputy to satisfy the plaintiff's execution out of the property attached.

The first attachment upon the vessel was made March 28, 1848, on the writ as above stated in favor of Huston. Upon that writ the officer made return of that attachment under

that date, and also, under date of June 27, 1848, returned as follows: —

" By virtue of this writ I have herewith returned the bond accompanying this writ, said bond having been taken pursuant to the provisions of the 53d, 54th, 55th, 56th and 57th sections of chapter 114 of the Revised Statutes, and also a certificate of my doings as provided in section 58 of said chapter.                    " E. W. Barker, *Deputy Sheriff.*"

Barker also, with said writ, returned the bond above referred to, together with his own official certificate that Laiton, the debtor on the —— day of June, 1848, being defendant in the suits on which the " vessel with the spars, &c.," were attached, made application to have the vessel appraised ; and that after certain preliminary proceedings, (which are described,) an appraisement of said vessel, spars, &c. was made at the sum of $12000, whereof the debtor gave the requisite bond, and that he delivered the " vessel, spars, &c." to the debtor, all pursuant to R. S., c. 114.

The bond recited the appraisal of the " vessel, spars, &c." at $12000, and that the " vessel, spars, &c.," had been delivered by the officer to the debtor, and was conditioned to pay to the officer the $12000, or satisfy the judgments which might " be recovered in the suits in which the vessel and spars were attached," if seasonably demanded, &c.

If upon the foregoing facts the Court should be of opinion that the plaintiff has maintained his action, the defendant is to be defaulted, and the plaintiff is to have judgment, damages to be assessed by the Court on hearing; otherwise the plaintiff is to become nonsuit.

*Paine*, for the plaintiff.

The officer's return shows, that he attached on the plaintiff 's writ the vessel subject to fourteen, and the rigging and spars subject to four prior attachments.

The plaintiff having recovered judgment and seasonably placed his execution in the hands of the deputy, has made a *prima facie* case. This case must be repelled by the de-

fendant. To accomplish that, he relies upon the facts in relation to the appraisement and delivery to the debtor of the property attached. But the defence fails :—

1st. Because the rigging attached is in no way accounted for. No reason is offered why the plaintiff's execution was not levied upon that. That property is not mentioned either in Laiton's application for an appraisal, nor in the appraisal itself, nor in the bond.

2d. Because the spars were not appraised in a separate proceeding. R. S. c. 114, § 58, requires the officer to return the bond with a certificate of his doings with the writ on which the first attachment was made. But the first attachment of the *spars* was made on the eleventh writ. The bond and certificate are returned with the writ in favor of Huston, upon which the *vessel* was first attached; not that on which the spars and rigging were attached.

*Section 55* authorizes the creditor to choose one of the appraisers. The creditors were those and those only who attached the property, that is, the *spars*.

3d. Because the two kinds of property in which different sets of creditors were interested, were commingled in the appraisal. And if this be allowable, the attachment law is defeated. Such a course would give full pay to one, and that too out of property which he had not attached. There were two classes of creditors. By one of these classes the vessel alone had been attached. By the other the vessel and spars. These classes might not agree in the appointment of an appraiser. There must therefore be two sets of appraisers, and two bonds were necessary.

*Bradbury,* for the defendant.

1. The vessel and spars were taken from the officer by virtue of R. S. c. 114, § § 53, 54, 55, 56, 57. It is not pretended by the opposing counsel that any single step in the statute requirements, preliminary to the surrender of the vessel to the debtor, was deficient or irregular. The appraisers adjudged the property to be liable to waste and to be greatly

depreciated in value. Their adjudication is conclusive of that fact. *Crocker* v. *Baker*, 18 Pick. 407. On giving the bond, therefore, the officer was bound to deliver the property to the debtor. It was therefore impossible, that the officer should levy the plaintiff's execution upon it, and he cannot be charged for not keeping what the law took from his possession.

2. The attachment of the vessel included the spars. Both in the officer's return and in the appraisal, they are described as " belonging to said vessel." They were in her, and if " belonging" to her, they were a part of her. There is nothing to show that the spars appraised were not on board and in their appropriate places. They were a necessary appurtenant passing with the vessel. *Farrar.* v. *Stackpole*, 6 Maine, 164.

It was not the *hull* of the vessel, but the vessel that was attached, and the addition of the word spars is mere surplusage.

The lien law, (R. S., c. 125, § 25,) regards the .materials when fitted for the vessel as a part of the vessel. It provides that " any person who shall perform labor or furnish materials, for or on account of any vessel, building or standing on the stocks, shall have a lien on such vessel."

The design of the law is to protect those who furnish the materials or labor. To do this the lien must extend to the materials when fitted and prepared for the vessel ; they then become a part of her ; otherwise the man who labors on the spars and fits them for the vessel would have no lien for his labor, if they were not put in their place within four days of the launching, for the lien is on " the vessel" *eo nomine.*

By the admission of the plaintiff, the spars are a part of the vessel. The plaintiff claims as a lien creditor on this vessel, and as he makes claim to the spars, and the lien is on the vessel, he consequently includes the spars as a part of the vessel.

The appraisal therefore properly included the spars with the vessel.

3. But .whether so or not, *the appraisal of the vessel is still valid.* The fact that a few spars were included with it,

and increased its value, could not vitiate the appraisal. Nor can the plaintiff take advantage of it. He is not injured by augmenting the appraised value of the vessel, and therefore, of the bond, in which he has his remedy therefor. As to the spars, if not properly appraised, he could have no lien on them, and no preference as a lien creditor.

4. *The impropriety, if it was one, of including the spars in the appraisal, was the act of the appraisers, and not of the officer, and he is not to be prejudiced by it.* He performed his duty; furnished them with a proper schedule, and possessed no power to force the appraisers to conform to his views. They determined that the spars "belonging to the vessel," did belong to it, and constitute a part of it, and the officer was bound by their decision.

Nor does the case show that any spars were appraised that were not at the time actually on board, and in their proper places. Nothing is to be presumed in order to vitiate proceedings under the authority of law, and fair upon the face of them.

*Paine,* in reply.

The officer made a discrimination in the sorts of property which he attached. Some of the creditors were content to rely on the vessel alone. Others, among whom was the plaintiff, required the rigging and the spars to be attached in addition to the vessel.

Suppose the bond to be paid, how will the funds be distributed? The plaintiff has no remedy on the bond.

The defendant therefore has shown no legal disposition of the property attached by us.

HOWARD, J. — The plaintiff's attachment was numbered fifteen, and was subject to fourteen prior attachments of a vessel upon the stocks, and to four previous attachments upon "a lot of rigging on board said vessel, and the spars belonging to the same."

The vessel and spars were appraised under the provisions of the R. S. c. 114, §§ 53, 56, and delivered to the debtor, on

Snow *v.* Cunningham.

his giving to the attaching officer a bond, conformable to sec-
tion 57, of the same chapter. The bond and his certificate
were returned by the officer, with the writ on which the
*vessel* was first attached. Section 58.

It does not appear that the spars or rigging were fitted or
attached to the vessel, though intended for her use. They
were not, therefore, embraced in either of the first ten attach-
ments, which were of the *vessel*, only, *eo nomine.* They
might have been appraised and disposed of under process
numbered eleven, on which they were first returned as attach-
ed, but could not, properly, have been appropriated in that
manner, under the first attachment of the *vessel.* Delivering
them to the debtor, under such appraisal and proceedings, fur-
nishes no protection to the officer. He is accountable for the
spars, precisely as if no appraisal had been attempted. For
the rigging, which was not appraised, he is accountable in a
like manner.

A creditor's remedy under his attachment of the vessel, is
by suit upon the bond taken by the officer from the debtor,
and not by action against the officer. The proceedings under
the statute referred to, when correct, are conclusive, and they
constitute a justification to the officer, and exempt him from
liability for the property attached, and disposed of under the
appraisal.

The action is, therefore, maintained, for default of the
officer in failing to appropriate the *spars* and *rigging* to the
satisfaction of the plaintiff's judgment, in the order of his
attachment. But, by the agreement, he is to have judgment
for such damages, only, as shall be assessed by the Court, on
hearing.                *Defendant defaulted.*

*Hearing in damages.*

SHEPLEY, C. J., and RICE and HATHAWAY, J. J., concurred.